AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
для the
Eastern District of Louisiana

FILED
2023 JAN 30 PM 12: 41
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

Aron Fink
_____
Petitioner

v.          Case No. 5:23-cv-26-PGB-PRL
            (Supplied by Clerk of Court)

Warden FCC Coleman Low
_____
Respondent
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Aron John Fink   08463-104
   (b) Other names you have used: _____

2. Place of confinement:
   (a) Name of institution: FCC Coleman Low
   (b) Address: P.O. Box 1031
                Coleman, FL 33521-1031
   (c) Your identification number: 08463-104

3. Are you currently being held on orders by:
   ☒ Federal authorities    ☐ State authorities    ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: _____
      (b) Docket number of criminal case: _____
      (c) Date of sentencing: _____
   ☐ Being held on an immigration charge
   ☐ Other (explain): _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

   ☐ Pretrial detention

   ☐ Immigration detention

   ☐ Detainer

   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

   ☐ Disciplinary proceedings

   ☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court: Federal Bureau of Prisons

   (b) Docket number, case number, or opinion number: N/A

   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): The Bureau of Prisons is unlawful witholding my first step act time credits and their applications.

   (d) Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ☐ Yes   ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____

   (3) Docket number, case number, or opinion number: _____

   (4) Result: _____

   (5) Date of result: _____

   (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: Appeal process is inadequate to obtain relief sought. Release imminent (Feb 17, 2023). Attached supporting memorandum.

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?

   ☐ Yes     ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

   (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ☐ Yes     ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

Case 5:23-cv-00026-PGB-PRL   Document 1   Filed 01/30/23   Page 4 of 12 PageID 4

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes  ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes  ☐ No

If "Yes," provide:

(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes  ☒ No

If "Yes," provide:

(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes     ☒ No
If "Yes," provide:
  (a)  Date you were taken into immigration custody: _____
  (b)  Date of the removal or reinstatement order: _____
  (c)  Did you file an appeal with the Board of Immigration Appeals?
    ☐ Yes     ☐ No
    If "Yes," provide:
    (1) Date of filing: _____
    (2) Case number: _____
    (3) Result: _____
    (4) Date of result: _____
    (5) Issues raised: _____

  (d)  Did you appeal the decision to the United States Court of Appeals?
    ☐ Yes     ☒ No
    If "Yes," provide:
    (1) Name of court: _____
    (2) Date of filing: _____
    (3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☐ Yes      ☒ No

    If "Yes," provide:

    (a) Kind of petition, motion, or application: _____
    (b) Name of the authority, agency, or court: _____

    (c) Date of filing: _____
    (d) Docket number, case number, or opinion number: _____
    (e) Result: _____
    (f) Date of result: _____
    (g) Issues raised: _____

    **Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **GROUND ONE**: The Bureau of Prisons is witholding petitioner's First Step Act Time Credits in violation of the administrative procedures act.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See continuation page.

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes   ☒ No

**GROUND TWO:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☐ No

**GROUND THREE:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
N/A

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes        ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: See attached supporting memorandom.

**Request for Relief**

15. State exactly what you want the court to do: Enjoin The Bureau of Prisons to immediately award and apply all earned First Step Act time credits.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

1-24-23

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 1-24-23

*Aron Fink*

Signature of Petitioner

_____

Signature of Attorney or other authorized person, if any

[Print]  [Save As...]  [Reset]

GROUND ONE: THE BUREAU OF PRISONS IS WITHOLDING THE PETITIONER'S FIRST STEP ACT TIME CREDITS IN VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

Supporting Facts:
As a federal agency created by statute, the Bureau of Prisons (BOP) is responsible for fully complying with all applicable statutes and only the actions authorized to it by Congress. With respect to the First Step Act (FSA), the BOP has failed to do so by totally failing to award the Petitioner any and all his time credits due.

The actions the BOP has taken in violation of the FSA against the Petitioner includes:
- Arbitrarily and capriciously determining that Petitioner's credits should not be awarded for completion of recidivism reduction programs (EBRRP) and productive activities (PA);

- exceeding its statutory authority, which Congress has only established is to award and apply FSA time credits for inmate participation in productive activities and recidivism reduction programming.

The BOP has harmed the Petitioner in not awarding him his earned FSA ETC's as it was required to do by statute, and has made agency decisions that have considered factors that Congress did not authorize in its deciding to deprive Petitioner of the time credits he is entitled to. This court should enjoin the BOP to properly apply the FSA ETC's to the Petitioner's sentence and towards enjoin the BOP to properly apply the FSA ETC's to the Petitioner's sentence

Petitioner provides these additional legal arguments in support of his 28 U.S.C. Section 2241 Motion.

## I. ADMINISTRATIVE EXHAUSTION IS FUTILE

While Section 2241 generally required petitioners to complete the administrative appeal process before proceedings to court, "a court may waive the exhaustion requirement when administrative remedies are effectively unavailable or obviously futile." United States v. Ullings, 2020 U.S. Dist. LEXIS 83104 at *2 (N.D. Ga. 2020). An administrative remedy is unavailable if it cannot capably be used to obtain some relief. Ross v. Blake, 136 S. Ct. 1850, 1850 (2016); see Boz v. United States, 248 F. 3d 1290, 1300 (11th Cir. 2001)("a petitioner need not engage in his administrative remedies where the administrative remedy will not provide some relief commensurate with the claims."). The BOP's administrative remedy process cannot provide relief for Petitioner, because (1) the automated BOP-wide system used to calculate FSA time credits cannot be changed by lower level staff and is a procedural dead-end; and (2) Petitioner is actively being harmed by the BOP's very recent policy changes, and he cannot timely complete the administrative remedy process without extending the length of his incarceration.

With respect to the former, the BOP has recently begun usage of a centralized automated system to calculate FSA time credits. (Sept. 7, 2022, BOP FSA Memorandum). Because this calculation is automated, the outcome of an administrative appeal would be predetermined; Petitioner's current time credit result is what the BOP's system says it must be, notwithstanding what is required by law. This renders exhaustion futile. See McCarthy v. Madigan, 503 U.S. 140, 148 (1992).

As the the latter, Petitioner has less than __1__ months remaining in his sentence. He requires extended credit of up to a year under the Second Chance Act. Based on the productive activates and recidivism reduction programs Petitioner has participated in, he should have already accrued over a year of earned FSA time credits.

Other district courts have found that the administrative remedy process can easily take 5 months. Tensley v. Outlaw, 2010 U.S. Dist. LEXIS 66738 at *2 (E.D. Ark. 2010). In truth, the volume of prisoners filing administrative remedies because of the BOP's FSA violations will mean this process could take much longer as the BOP is overloaded with administrative appellate proceedings. In the Petitioner's situation, he will not be able to timely seek relief.

The BOP's most recent memo and policy was posted on September 7, 2022. Petitioner could not have engaged in administrative remedies earlier, but even if he did now, he would be unable to complete the futile process of challenging a centralized automated agency-wide process until after he lost the time he needs in pre-release custody. The administrative remedy process is this unable to grant the Petitioner the relief he seeks. See Gallegos-Hernandez v. United States, 688 F. 3d 190, 194 (5th Cir. 2012).

## II BOP HAS VIOLATED THE APA

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof." 5 U.S.C. Section 702. The BOP has here deprived Petitioner of his entitled FSA time credits through violation of statute and exceeding its statutory authority. The BOP has violated the Administrative Procedures Act (APA).

At the threshold, the APA specifically contemplated judicial review of agency relevant grounds in tandem with habeas corpus actions. See 5 U.S.C. Section 703; Wright v. Haynes, 410 Fed. Appx.. 262, 264 (11th Cir. 2011). This court is also not prohibited from conducting an APA review of BOP decisions undertaken per 18 U.S.C. Section 229, Subchapter D. See 18 U.S.C. Section 3625 (only restriction APA from agency decisions made per Subchapter C). The APA ground is therefore properly before this court.

The APA requires the court to hold unlawful agency actions, as applicable here, that are arbitrary and capricious or in excess of its statutory authority granted by Congress, See 5 U.S.C. Section 706(2)(A),(C).

### 1. ARBITRATY AND CAPRICIOUS

An agency action is arbitrary and capricious if its decision relied on factors that Congress had not intended it to consider. Miccosukee Tribe of Indians Fla. v. United States, 566 F. 3d 1257, 1264 (11th Cir. 2009). For example, the FSA did not give the

BOP power to consider if declining or "opting out" of a BOP determined program needs prevents the awarding of FSA time credits. To the contrary, the law clearly states that the awarding of time credits is entirely predicated on an inmate's eligibility and whether the inmate has participated in evidence based recidivism reduction programs or productive activities. See 18 U.S.C. Section 3632(d)(4)(A), (C). Indeed the law states that the BOP "shall" (as in, must) award these credits. See id. And per the obligations by law, it should do so for the Petitioner immediately.

2. THE BOP IS ACTING IN EXCESS OF ITS STATUTORY AUTHORITY

Congress intended for the FSA to quite simply be an incentive based program "for prisoners to participate in and complete evidence based recidivism reduction programs........" 18 U.S.C. Section 3632(d). Further, the law does not give the BOP any power to determine whether it may choose to grant FSA time credits to low and minimum recidivism risk inmates who participate recidivism reduction based programming or productive activities; the BOP simply must. See 18 U.S.C. Section 3632 (d)(4)(A), (C).

The Supreme Court recently reiterated that an agency "must point to clear congressional authorization for the power it claims." West Virginia v. EPA, 597 U.S. ____, ___(slip op. at 19). Congress did not authorize the BOP to develop gate-keeping or dilatory measures to award FSA time credits. The BOP is only authorized to identify the recidivism reduction programs and productive activities with no further distinction, and award and apply all FSA time credits for eligible participating inmates as defined by statute, immediately and on an ongoing basis.

The BOP has instead established hurdles and dilatory practices that it has no power to impose towards prisoners receiving FSA time credits, and as a result has failed to grant Petitioner the FSA time credits he is entitled to.

This court should find that the BOP violation of the APA, and enjoin the BOP to properly apply the law to the Petitioner with the respect to the proper calculation and application of his FSA time credits.