UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ARON FINK,**

        **Petitioner,**

v.                                         **Case No: 5:23-cv-26-PGB-PRL**

**WARDEN, FCC COLEMAN-LOW,**

        **Respondent.**

_____/

**ORDER DISMISSING CASE**

Petitioner, a federal prisoner acting *pro se*, is proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the Bureau of Prisons failed to provide him with applicable time credits under the First Step Act. (Doc. 1). The Warden responded, asserting that the petition should be dismissed as moot because Petitioner was released from custody on February 17, 2023. (Doc. 6). Petitioner replied, stating only, "The record speaks clearly for my motion being granted." (Doc. 8).

**Analysis**

If a petitioner is released from imprisonment subsequent to his filing a habeas petition, he must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution. *Mattern v. Sec'y*

*for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007). Whether an action is moot is a jurisdictional matter. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395–96 (1980); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Thus, if an event after the filing of the lawsuit deprives "the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Throughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (citation omitted).

The United States Supreme Court has determined that an inmate's challenge to the validity of his conviction always satisfies Article III's case-or-controversy requirement because the incarceration constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. *Spencer*, 523 U.S. at 7. However, if an inmate attacks only the execution of his sentence, "some concrete and continuing injury other than the now-ended incarceration," some "collateral consequence" of the conviction must exist if the suit is to be maintained after the convict's release. *Id.* (citing *Carafas v. LaVallee*, 391 U.S. 234 (1968)).

Here, Petitioner does not attack his underlying conviction. Rather, he challenges the BOP's calculation of his sentence. Because Petitioner has already

been released, there is no longer a case or controversy to litigate. A favorable decision on the merits would not entitle him to any additional relief; therefore, he no longer has a personal stake in the outcome. *See Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (holding habeas petition moot where petitioner attacked state's calculation of gain time credits, and petitioner was no longer in custody); *Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of habeas action) (quotations omitted).

Petitioner's statement that the "record speaks clearly" is not enough to establish that the case is not moot. The mere possibility of future consequences is too speculative to give rise to a case or controversy. *See Graham*, 732 F.2d at 850 (potential that petitioner would face the same regulations if he returned to prison was "too speculative for adjudication."). Because there is no active case or controversy, the instant petition must be dismissed as moot.

## Conclusion

The petition for writ of habeas corpus filed by Aron Fink (Doc. 1) is **DISMISSED** without prejudice because this Court no longer has jurisdiction to consider it. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

3

**DONE AND ORDERED** in Orlando, Florida on November 15, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties